PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BINGHAM, | ) | CASE NO. 4:18CV618 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| | ) | CASE MANAGEMENT |
| CORECIVIC OF TENNESSEE, LLC, | ) | CONFERENCE ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | CASE MANAGEMENT PLAN |
| | ) | LR 16.1(b)(4) |

1.  A Case Management Conference was conducted on July 30, 2018.

2.  The following parties were present:

    A.  Plaintiff: John Bingham

    B.  Defendant: Diane Phillips as Representative of Defendant

3.  The following attorneys were present:

    A.  Plaintiff's Counsel: Peter C. Mapley

    B.  Defendant's Counsel: Shannon K. Patton

4.  A Discovery Plan was filed on July 16, 2018.

(Case No. 4:18CV618)

## REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS

If it has not already been done, all counsel must complete Attorney Registration Forms and return them to the Clerk of Court as soon as possible so that attorney user accounts can be established.  An Attorney Registration Form is in the Policies and Procedures Manual.  In addition, counsel can easily register online at:

http://www.ohnd.uscourts.gov/home/clerk-s-office-and-court-records/electronic-filing/cm-ecf-attorney-registration/

As soon as accounts are established, counsel will be provided with user identification names and passwords which will permit access to the electronic filing system and which shall serve as signatures for any and all documents filed electronically.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.


## RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)

5.  After consultation with the parties and counsel, the Court determined that this case will proceed on the Standard Track.

6.  This case is referred to Magistrate Judge Limbert to conduct a mediation to be completed not later than October 2018, if possible.

7.  The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

8.  There are no case-specific rulings as to the type and extent of discovery.  The parties are to follow the limits established by the Local and Federal civil rules.

9. The parties shall follow the default standard for discovery of electronically-stored information (Appendix K to N.D. Ohio Local Rules).

(Case No. 4:18CV618)

10. **Regarding the handling of disclosed privileged material:**  The parties have reached an agreement regarding the handling of disclosed privileged material.  *See* Fed. R. Civ. P. 16(b)(3)(B)(iv).

11. Discovery shall be completed on or before January 30, 2019.  Should the parties engage in expert discovery, expert reports for issues on which a party bears the burden of proof are due December 17, 2018.  Responsive reports are due January 16, 2019.

12.  Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition. In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

13.  The cutoff to amend pleadings and add parties is August 31, 2018.  Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper).  The cutoff date, however, is merely a time limitation    not a blanket leave.  A party must still demonstrate that an amendment is proper under Rule 15(a).  Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a).  In all cases, the party seeking leave of Court to amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

14.  Before a party may file a dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel.  Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the

(Case No. 4:18CV618)

party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is February 28, 2019. Responses shall be filed by April 1, 2019 (*See* LR 7.1(d)) and Replies by April 15, 201 (*See* LR 7.1(e)).

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion. The stipulations shall be filed with the Court on or before February 28, 2019. If there are no stipulations, a joint notice stating same shall be filed by the same date. These are mandatory requirements.

15. The next Status Conference will be held on November 19, 2018, at 12:00 p.m. The conference will be conducted *via* telephone unless circumstances require otherwise. Attorney Mapley is to set up the conference call by joining other participants and calling the Court at (330) 884-7435. Parties' attendance is welcome, but not mandatory. Counsel should notify the Court in advance of a Status Conference if the matter has settled.

The agenda for the Telephonic Status Conference includes whether a second telephonic status conference is necessary, setting a trial date, the status of the case, and any other topics that warrant the Court's attention.

16. **Protective orders:** The parties shall file a proposed Stipulated Protective Order on or before August 6, 2018. A form protective order is attached as Appendix L to the Local Rules. Any proposed order will be rejected by the Court unless it provides that, where materials designated "confidential" are used in support of or in opposition to a motion, the party so using the material shall file the document under seal. *See* Electronic Filing Policies and Procedures Manual at ¶¶ 19 and 24. Manually filed sealed documents shall not be presented to the Court unless electronic filing is not possible. The proposed order shall also provide that the parties agree to be bound by its terms prior and subsequent to entry by the Court. An agreed protective order which complies with the above will be approved, but with the understanding that, in the event this case should go to trial, no materials used in open court shall be entitled to the continuing designation of "confidential."

(Case No. 4:18CV618)

If any party seeks to obtain judgment by either a motion to dismiss or a motion for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

17. Counsel shall comply with LR 5.2. See pages 9-12 of the Electronic Filing Policies and Procedures Manual for further instructions.

18. Additional Rulings Regarding Motions   LR 7.1(b)-(j) (12/09):

The Court will strictly enforce provisions regarding length of memoranda filed in support of motions. *See* LR 7.1(f). Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling. Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the memorandum in opposition, and a reply. No sur-replies will be permitted absent advance leave of Court.

IT IS SO ORDERED.

  July 30, 2018                            */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                           United States District Judge

(Case No. 4:18CV618)

ATTACHMENT NO. 1

**STIPULATION REGARDING INADVERTENT DISCLOSURE OF
ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT
PROTECTION OR OTHER APPLICABLE PRIVILEGE**

**IT IS HEREBY STIPULATED** to, between the parties, through their respective counsel, as follows:

I.    Any inadvertent disclosure or production of documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege will not constitute a waiver of either any available privilege or protection by the disclosing party.

ii.   In the event that the receiving party discovers that it has received documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the producing party immediately upon discovery.

iii.  In the event that the producing party discovers that it has produced documents protected by the attorney-client privilege, work product protection or other applicable privilege, it will bring that fact to the attention of the receiving party immediately upon discovery.

iv.   Upon request of the producing party, the receiving party will promptly return to the producing party any documents protected by the party's attorney-client privilege, work product protection or other applicable privilege and any copies that the receiving party may have made.

(Case No. 4:18CV618)

      v.      Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the documents protected by the party's attorney-client privilege, work product protection or other applicable privilege.

      vi.      No such inadvertently produced documents protected by the parties' attorney-client privilege, work product protection or other applicable privilege may be used in evidence against the producing party.

      vii.      Attorney-client privilege and work product protection shall have the meanings as provided in FRE 502 (g) (1) and (2).

**Stipulated by:**

_____         _____
Attorneys for Plaintiff            Attorneys for Defendants